UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Singleton, # 344630, | ) C/A No. 2:12-2504-TLW-BHH |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Warden, Evans Correctional Institution, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was initially submitted to the United States District Court for the Eastern District of New York *pro se* by a South Carolina state prison inmate. Because the *pro se* prisoner is incarcerated in South Carolina and is seeking to challenge one or more South Carolina criminal convictions, the Petition and the Motion for Leave to Proceed *in forma pauperis* were transferred for ruling to this court from New York. Order Transferring Case, Aug. 29, 2012, ECF No. 6. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

This is another attempt by Mr. Michael Singleton ("Petitioner") to obtain federal review of a 2003 Charleston County criminal conviction that, ultimately, resulted in the 2011 Charleston County probation-violation judgment on which he is currently incarcerated.

The initial pleading in this case was filed in the Eastern District of New York in December 2011 and was given the case number 11-CV-6386(NGG)(LB). ECF No. 1. Shortly before that time, Petitioner had been informed of the United States Supreme Court's denial of a petition for writ of certiorari that he filed, seeking review of one of Petitioner's many unsuccessful civil actions filed in state court involving his continuing challenges to the 2003 criminal conviction. *See Singleton v. Ten Unidentified United States Marshals*,, 132 S. Ct. 513 (2011)(No. 11-6116). Also around the same time, Petitioner learned that this court would no longer consider Petitioner's continuing challenges to the 2003 conviction because Petitioner allowed the one-year statute of limitations under 28 U.S.C. § 2244 to run on that conviction, thus precluding any federal habeas review of the conviction under 28 U.S.C. § 2254. His then-pending habeas and non-habeas civil actions in this court seeking to raise challenges to that conviction were finally dismissed *with prejudice* and those dismissals were ultimately affirmed on appeal to the Fourth Circuit Court of Appeals. *See Singleton v. United States*, No. 8:11-1198-TMC, 2011 WL 5508998 (D.S.C. Nov. 10, 2011)(non-habeas), *aff'd*, 471 F. App'x 112 (4th Cir. 2012) (No. 11-7595); *Singleton v. Warden*, No. 2:11-1034-TLW, 2011 WL 3794239 (D.S.C. Aug. 25, 2011) (§ 2254 habeas), *dismissed*, 463 F. App'x 226 (4th Cir. 2012) (No. 11-7219). Following initial review of Petitioner's submissions, the Eastern District of New York construed the pleadings as stating a § 2254 habeas claim "challenging a criminal judgment in [South Carolina]," and the entire case was transferred to this court without any ruling on the merits or otherwise. ECF No. 6.

The pleadings filed in this case consist of a re-hashing of Petitioner's many claims and allegations of wrongdoing and illegality in connection with his 2003 conviction. As partial relief, Petitioner essentially asked the Eastern District of New York to act as an

2

appellate court with regard to Petitioner's numerous unsuccessful challenges to the 2003 conviction that were made in this court since 2002. *See, e.g.*, Civil Action Nos. 8:02-1614; 8:02-2116; 8:02-2612; 8:02-3048; 8:02-3109; 8:02-3916; 8:02-4057; 8:03-7; 8:03-8; 8:10-2323; 8:10-2548; 2:11-1034; 8:11-1198; 8:11-1811; 2:12-801; 2:12-1016. Additional relief requested was that the court appoint law students to assist Petitioner in filing future challenges to this court's prior rulings and that "his civil actions" be transferred "to another District Court, Atlanta or New York, or D.C." ECF No. 3, Pet. 17.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone,* 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction

does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

To the extent that it challenges Petitioner's 2003 Charleston County criminal conviction, the Petition in this case should be summarily dismissed without service on Respondent. As previously stated, after allowing him to litigate over fourteen separate civil actions involving his 2003 Charleston County criminal conviction between 2002 and 2011 (all dismissed "without prejudice"), this court determined that Petitioner's continuing challenges were futile because Petitioner permitted the § 2244 one-year statute of limitations to run before he filed his initial § 2254 habeas petition in this case. *Singleton v. Warden*, No. 2:11-1034-TLW. The court ruled that the § 2244 statute of limitations ran on September 29, 2004 (one year after the conviction became final) because Petitioner simply dropped any efforts to timely exhaust his state-court remedies and no grounds were presented that would require the court to apply the doctrine of equitable tolling in the case. Because there was no way that Petitioner could correct or change the untimeliness of his

4

habeas petition through amendment or otherwise, this court determined that dismissal *with prejudice* was the correct result in both the habeas case and, also, in a then-pending non-habeas civil action, *Singleton v. United States*, No. 8:11-1198-TMC, that also included claims of unconstitutional conviction.[1] The dismissals *with prejudice* of both the habeas and non-habeas cases require application of the legal doctrine of *res judicata* in this case to prevent Petitioner from continuing to challenge the constitutionality of the 2003 conviction in this court or in any other court.

*Res judicata*[2] bars re-litigation in a second suit involving the same parties or their privies based on the same cause of action if the court in the first suit issued a judgment on the merits. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979). *Res judicata*, sometimes referred to as claim preclusion, provides that "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). The three elements required to be shown for *res judicata* to apply are: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a

---

[1] The non-habeas case was dismissed *with prejudice* because it was determined to be permanently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because, by that time, Petitioner had no further available routes by which to overturn or reverse the 2003 conviction that had become "final" in September 2003 due to Petitioner's failure to properly and timely exhaust his state court remedies regarding the conviction.

[2] The district court may *sua sponte* raise the issue of *res judicata* in special circumstances, such as here, where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking *res judicata sua sponte*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Carbonell v. La. Dep't of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985).

subsequent suit based on the same cause of action." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions. . . or the same core of operative facts." *In re Varat Enters., Inc.*, 81 F.3d at 1316 (internal citations omitted). It is settled that an involuntary dismissal of a case *with prejudice,* as in Petitioner's two cases discussed above, is considered an adjudication "on the merits" that bars a litigant from ever bringing a lawsuit based on the same facts against the same parties in the future. *See, e.g.*, *Keith v. Aldridge*, 900 F.2d 736, 742 (4th Cir. 1990); *Assa'ad-Faltas v. President of Univ. of S.C.*, 291 F. App'x 534, 536 (4th Cir. 2008); *Corbin v. Johnson*, No. 5:11-CV-456-FL, 2012 WL 3266725, *4-5 (E.D.N.C. Feb. 24, 2012).

As the Fourth Circuit Court of Appeals stated in a case in which *res judicata* was applied in a case where the prior case, as here, had been dismissed on statute of limitations grounds, " 'justice is better served by attributing finality to judgments . . . than by second efforts at improved results.' " *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989)(quoting 18 Wright, Miller & Cooper, *Federal Practice & Procedure* § 4415 (1981)). This Petitioner has been allowed many more than "second efforts at improved results" by this court over many years, but the court's dismissals *with prejudice* in Civil Action Nos. 2:11-1034-TLW and 8:11-1198-TMC put a stop to his continued litigation over the constitutionality of his 2003 Charleston County conviction. He will not fare better by trying to file his constitutional challenges in other federal jurisdictions, because *res judicata* applies in all courts where the same claims are attempted to be raised among the same parties or their privies. *Griffin v. McMaster*, No. 2:09-780-PMD, 2009 WL 3861123 (D.S.C. Nov. 17, 2009)(giving *res judicata* effect to a judgment from state court to dismiss a federal

§ 1983 case based on the same facts as in this case). Should Petitioner continue filing these kinds of cases in other federal district courts, as he sees in this case, the most probable result will be a transfer to this court, followed quickly by a summary dismissal under the doctrine of *res judicata,* probably with only a brief reference to this case.

Finally, to the extent that Petitioner's allegations could be liberally construed as challenges to the constitutionality of the Charleston County probation-revocation judgment (entered in either late 2010 or early 2011) on which he is currently incarcerated, this case is should be summarily dismissed because it is duplicative of Petitioner's currently pending habeas corpus case in which service of the Petition was recently directed: *Singleton v. Warden*, Civil Action No. 2:12-2339-TLW-BHH. The court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

The Petition he submitted in Civil Action No. 12-2339 was served on Respondent on September 6, 2012, and the time is now running for the submission of Respondent's answer to the Petition in that case. To the extent that he desires to challenge the constitutionality of the probation-revocation judgment with a desired result of release from prison, Petitioner must make his case in the currently pending habeas case and not in separate cases such as this one. He will have a full opportunity to litigate his claims

7

regarding the probation-violation judgment within the appropriate confines of applicable court procedures in Civil Action No. 12-2339-TLW-BHH.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.

Petitioner's attention is directed to the important notice on the next page.

                                                                 s/Bruce Howe Hendricks
                                                                 United States Magistrate Judge

September 18, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).